IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TERESA S. BALL                                                                    PLAINTIFF

v.                                             CIVIL ACTION NO. 3:12cv756-DPJ-FKB

HINDS COUNTY DEPARTMENT OF                                DEFENDANTS
HUMAN SERVICES, et al.

ORDER

This employment-discrimination case is before the Court on the motions to dismiss filed by Defendants Michael W. Miller [3] and the Mississippi Department of Human Services, incorrectly identified as Hinds County Department of Human Services [5]. Because Plaintiff's Complaint demonstrates that her only legally-viable claims are time-barred, Defendants' motions will be granted.

I.     Facts and Procedural History

Plaintiff Teresa S. Ball began her employment with DHS in September 2008. Ball alleges that during her employment, she was subjected to sexual harassment at the hands of Defendant Miller, Director of DHS. Ball says she complained about the sexual harassment, and that in retaliation for making an internal complaint, she was terminated from her employment on March 31, 2009. Ball filed a Charge of Discrimination with the EEOC on August 3, 2012, and on August 10, 2012, the EEOC issued its notice of rights letter.

On November 7, 2012, Ball filed this lawsuit against DHS and Miller, alleging claims for sexual harassment, sex discrimination, and retaliation under Title VII and § 1983. Defendants filed motions to dismiss, the matters raised therein have been fully briefed, and the Court is prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (cited in *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351–52 (5th Cir. 2011) (also citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 714–21 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.")).

III.     Analysis

Ball raises Title VII and § 1983 claims for sexual harassment, sex discrimination, and retaliation against both Miller and DHS.  Because each Defendant raises slightly different arguments in favor of dismissal, the Court will address each Defendant's motion in turn.

A.     Miller's Motion to Dismiss

1.     Title VII

Miller argues that Ball cannot state a Title VII claim against him because he was not Ball's employer.  42 U.S.C. § 2000e-2(a) (proscribing certain employment practices by employers).  "Individuals are not liable under Title VII in either their individual or official capacities."  *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002)).  Ball does not respond to this argument, apparently conceding her Title VII claim against Miller.  Because Miller cannot be individually liable under Title VII, the Title VII claims against him will be dismissed.

2.     § 1983

As to the § 1983 claims, Miller contends that they are time-barred.  The limitations period for a § 1983 claim is determined by the forum state's statute for personal-injury actions.  *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989).  In Mississippi, § 1983 claims are subject to a three-year statute of limitations under section 15–1–49 of the Mississippi Code.  *See James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (finding in § 1983 suit that "the three year residual period provided by Section 15–1–49, Miss. Code Ann. applies").  And while state law controls the statute of limitations in § 1983 cases, federal law determines when a § 1983 claim accrued.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the limitations period begins to

3

run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)).  Here, Ball's claim accrued on the date the last allegedly unlawful employment practice—her termination—occurred. *E.g.*, *Chardon v. Fernandez*, 454 U.S. 6 (1981).  She had three years thereafter—or until March 31, 2012—to bring a § 1983 claim against Miller, but Ball waited until November 7, 2012, to sue—more than seven months too late.

Ball recognizes that her claim is untimely, so she asserts that her delay should be excused under the doctrine of equitable tolling because she did not know that her termination was actionable until August 2012.  State law determines whether the statute of limitations may be equitably tolled in § 1983 cases. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).  Under Mississippi law, to justify tolling of the statute of limitations on equitable grounds, a plaintiff must show "[i]nequitable or fraudulent conduct" on the part of the defendant. *Kimball Glassco Residential Center, Inc. v. Shanks*, 64 So. 3d 941, 948 (Miss. 2011).  Neither the Complaint nor Ball's response to Miller's motion hints at any such conduct, and the Court concludes that there is no basis for tolling the statute of limitations on Ball's § 1983 claim against Miller.  Ball's § 1983 claim against Miller is time-barred.

  B. DHS's Motion to Dismiss

    1. Title VII

DHS asserts that Ball's Title VII claim against it is time-barred.  A Title VII claimant must file a charge of discrimination with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  In this case, the last act of alleged

4

discrimination occurred when Ball was terminated on March 31, 2009.  She had 180 days from that date—or until September 27, 2009—to file an EEOC charge.  Yet Ball waited until August 3, 2012, to file her EEOC charge.  She was more than three years too late.

Ball argues that the circumstances in this case justify equitable tolling to excuse her failure to file a timely EEOC charge.  "Equitable tolling is to be applied 'sparingly'" in the Title VII context.  *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).  The Fifth Circuit has identified "at least three bases" for equitable tolling:

> (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

*Granger*, 636 F.3d at 712 (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995)).  None of those grounds are present here, and dismissal is therefore proper.  *Hazzard v. Express Servs., Inc.*, 1:10CV251-SA-DAS, 2012 WL 4484945 (N.D. Miss. Sept. 27, 2012) (granting Rule 12(b)(6) motion to dismiss).

### 2. § 1983

DHS argues that it is not amenable to suit under § 1983.  Ball does not respond to this argument, which appears meritorious.  *E.g.*, *May v. N. Tex. State Hosp.*, 351 F. App'x 879, 880 (5th Cir. 2009) (explaining, in § 1983 case, that "the Eleventh Amendment precludes suits in which a state agency is named as a defendant") (citation omitted).  Ball's § 1983 claim against DHS is barred by the Eleventh Amendment and will therefore be dismissed.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Motions to Dismiss of Defendants Michael W. Miller [3] and the Mississippi Department of Human Services, incorrectly identified as Hinds County Department of Human Services [5] are granted, and this case is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of January, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE